**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TODD J. LUH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:20-cv-01513-HEA |
| | ) |
| JEFFERSON COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Todd J. Luh for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true

any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit

of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal

framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints

are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v.*

*Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th

Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just

because an additional factual allegation would have formed a stronger complaint"). In addition,

affording a pro se complaint the benefit of a liberal construction does not mean that procedural

rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed

without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed a civil action against the Jefferson

County Sheriff's Department, the Missouri Highway Patrol, and the State of Missouri. (Docket

No. 1 at 2-3). In his "Statement of Claim," plaintiff asserts that he has been "assaulted and

threatened on numerous occasions because of the sex registry and it's inaccurate portrayal of the

circumstances of [his] arrest." (Docket No. 1 at 7). He further alleges that the Jefferson County

Sheriff's Department has "harassed" him by informing him that there was a warrant for his arrest.

Additionally, plaintiff contends that the reporting requirement for "the sex registry" is not administrative, but punitive, and that it is "a retroactive law and unconstitutional." He also states that government employees should not "be allowed to harm any person and be immune from any legal review."

In an attachment to the complaint, plaintiff states that he was advised by a sheriff's deputy that the Missouri Highway Patrol wanted a sample of his DNA. (Docket No. 1-1 at 1). Apparently, he was also told there was a warrant for his arrest. Plaintiff states that he filed a civil suit in Missouri court challenging the collection of his DNA, since he "know[s] [his] DNA will not provide anything that would be useful to any investigator." Plaintiff claims there are a number of issues about the sex registry "that are at the very least unconstitutional." He explains that he has filed the instant action because "there have been numerous errors by the state court that appear to be designed to delay…any protective order and allow [him] to be abuse[d] by the State once again."[1] Plaintiff further notes that he was "tortured by the State" for ten-and-a-half years, that he was starved and assaulted by staff at a mental hospital, and that he was "attacked by criminals and crazies who were paid by staff to do so over 200 times in just the last 4 years at the nuthouse." (Docket No. 1-1 at 2).

Plaintiff seeks an injunction to prohibit the collection of his DNA. (Docket No. 1 at 7). He also claims unspecified monetary damages. (Docket No. 1 at 8).

## Discussion

Plaintiff is a self-represented litigant who has brought this civil action against the Jefferson County Sheriff's Department, the Missouri Highway Patrol, and the State of Missouri. Having

---

[1] The Court reviewed plaintiff's state court case on Case.net, Missouri's online case management system. According to the docket sheet, plaintiff's case was dismissed on June 22, 2020, when the parties failed to appear for a hearing. *Luh v. Jefferson County Sheriff's Dept.*, No. 20JE-CC00036 (23rd Jud. Cir., Jefferson County).

reviewed the complaint pursuant to 28 U.S.C. § 1915, the Court has determined that it is subject

to dismissal. However, plaintiff will be given an opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is subject to dismissal because he has not provided a "short and plain

statement of the claim showing that" he is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Instead,

plaintiff's complaint contains extraneous material, irrelevant statements, legal arguments, and

unsupported propositions, none of which go to show that the named defendants harmed him, or

that he is entitled to the relief he has requested. Similarly, plaintiff's allegations amount to

sweeping legal conclusions about the constitutionality of the Missouri sex registry, without any

indication as to why it violates plaintiff's constitutional rights. Such broad and conclusory pleading

is not sufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir.

2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal

conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions

cast in the form of factual allegations"). For these reasons, plaintiff's complaint is subject to

dismissal. However, because he is a self-represented litigant, plaintiff will be given an opportunity

to file an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form,

which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-

represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended

complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-

provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed.

R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough

room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety. This includes the section asserting the Court's jurisdiction. If plaintiff believes the Court has federal question jurisdiction, he must list the specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue. He should avoid using this section to make arguments, but should instead provide the federal basis for his claim.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Rather, plaintiff's factual allegations must "raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the

Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 5th day of  February, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE