# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TODD J. LUH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:20-cv-01513-HEA |
| | ) |
| JEFFERSON COUNTY | ) |
| SHERIFF'S DEPARTMENT, et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On February 5, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 4). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## Background

Plaintiff is a self-represented litigant who filed a civil action on October 16, 2020, naming the Jefferson County Sheriff's Department, the Missouri Highway Patrol, and the State of Missouri as defendants. (Docket No. 1). In the complaint, plaintiff contended that the Missouri sex offender registry was an "inaccurate portrayal of the circumstances of his arrest." (Docket No. 1 at 7). He further alleged that the requirement that he be physically present at the Sheriff's Office was unconstitutional. Plaintiff also objected to the Missouri Highway Patrol collecting a sample of his DNA. (Docket No. 1-1 at 1). As a result, plaintiff sought an injunction to prohibit the collection of his DNA until he was able to make an in-person argument before the Court. (Docket No. 1 at 7).

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On February 5, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 4). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's case was subject to dismissal. (Docket No. 4 at 4). In particular, plaintiff had not provided a "short and plain statement of the claim showing that" he was entitled to relief, as required by Fed. R. Civ. P. 8(a)(2).

Rather than dismissing outright, the Court gave plaintiff the opportunity to file an amended complaint. He was sent a copy of the Court's civil rights form, and was given instructions in the order on how to fill it out. Plaintiff was given thirty days to comply. The Court advised him that the failure to comply would result in the dismissal of this action without prejudice and without further notice. (Docket No. 4 at 6).

## Discussion

As noted above, on February 5, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. Plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice. The amended complaint was due on or before March 8, 2021.

The deadline for plaintiff to file his amended complaint has expired. In fact, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to file an amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply. Indeed, since the filing of the complaint, the Court has had no further communications from plaintiff whatsoever.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of February 5, 2021, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 5, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of April, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE